**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
JOSE ROLON,

                              Plaintiff,                          **ORDER**

            -against-                         **24-CV-9104 (JW)**

COMMISSIONER OF SOCIAL
SECURITY,

                             Defendant.
-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

This matter is before the Court on consent. Dkt. No. 14. Plaintiff, Jose Rolon, proceeding *pro se*, filed suit for judicial review of a final determination by the Commissioner of the Social Security Administration (the "SSA"), finding that Plaintiff is not disabled under section 1614(a)(3)(A) of the Social Security Act. Dkt. Nos. 1, 17. For the reasons set forth below, the Court *sua sponte* dismisses the case, without prejudice, for failure to prosecute under Federal Rule of Civil Procedure 41(b).

## I.    <u>BACKGROUND</u>

Plaintiff filed the Complaint on November 25, 2024. Dkt. No. 1. The Commissioner of Social Security ("Defendant") filed the electronic certified transcript of the administrative proceedings ("e-CAR") on May 1, 2025. Dkt. No. 17. Plaintiff's brief was due thirty days after the e-CAR was filed. Dkt. No. 7. Plaintiff did not file a brief by the deadline set forth by the Court's scheduling order.

On December 12, 2025, though six months had elapsed, the Court provided Plaintiff with another opportunity to file his brief by December 31, 2025. Dkt. No. 18. Plaintiff did not file anything. On January 6, 2026, the Court ordered Plaintiff to show cause by January 27, 2026 as to why the Court should not dismiss the Complaint for failure to prosecute. Dkt. No. 19. Plaintiff failed to do so. Plaintiff has failed to take any steps since the filing of the Complaint to prosecute this case.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a court to *sua sponte* dismiss an action. See LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Federal courts are vested with the authority to dismiss an action because of a plaintiff's failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 251 (2d Cir. 2004). Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." Drake, 375 F.3d at 251.

In determining whether dismissal is appropriate, the Court must consider five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that the failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing the docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge

2

has adequately considered a sanction less drastic than dismissal." <u>Reyes v. Commissioner of Social Security</u>, No. 24 Civ. 8423 (SN), 2024 WL 4504519, at *1 (S.D.N.Y. Oct. 16, 2024) (citing <u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014). No one factor is dispositive and the Court is not required to address each factor in a written decision. <u>Id.</u> In addition to consideration of the five factors, if a dismissal would render the claims untimely, the court must make a finding of "willfulness, bad faith, or reasonably serious fault" before dismissing for failure to prosecute under Rule 41(b). <u>Romano v. Laskowski</u>, No. 22-1896, 2024 WL 4635227, at *5 (2d Cir. Oct. 31, 2024) (summary order).

### III.    DISCUSSION

All five factors weigh in favor of dismissal of Plaintiff's Complaint. First, Plaintiff has not taken any steps to advance the prosecution of this case since the filing of the Complaint on November 25, 2024. The most recent action by Plaintiff was consenting to this Court's jurisdiction over a year ago on January 10, 2025. Dkt. No. 13. After months elapsed without Plaintiff filing a brief, the Court gave Plaintiff an additional chance to file his brief on December 10, 2025. Dkt. No. 18. But Plaintiff failed to file anything. Second, the Court gave notice to Plaintiff that if he did not comply with the Court's Order to Show Cause, dated January 6, 2026, the action would be dismissed. Dkt. No. 19. As to factors three and four, because Plaintiff has given no assurance he will reengage with this case, prejudice to the Defendant and the Court's interest in managing the docket weigh in favor of dismissal. Finally, no lesser sanction would be effective in moving the case forward. <u>See</u> <u>Edwards v.</u>

Janssen Pharm. Inc., No. 17 Civ. 918 (NSR) (LMS), 2018 WL 4658807, at *2 (S.D.N.Y. May 9, 2018).

The final question for this Court is whether there was "willfulness, bad faith, or reasonably serious fault" by Plaintiff because 42 U.S.C. § 405(g) applies a 60-day statute of limitations to file for review of the denial of a claim by the Administrative Law Judge in federal court. Romano, 2024 WL 4635227, at *5. As outlined above, Plaintiff has been given multiple opportunities to file his brief and has been warned that failure to comply with the Order to Show Cause would result in the dismissal of his case. Dkt. Nos. 7, 18, 19. The failure to move the prosecution forward despite multiple opportunities and a warning by the Court reflects "reasonably serious fault" by Plaintiff, such that dismissal is appropriate. See e.g., Melissa E.V. v. Commissioner of Social Security, No. 24 Civ. 5545 (RFT), 2025 WL 3085596, at *4 (S.D.N.Y. Nov. 5, 2025).

## IV.  CONCLUSION

For the foregoing reasons, the case is dismissed without prejudice *sua sponte* for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is directed to terminate all motions and close the case.

SO ORDERED.

DATED:  New York, New York
February 10, 2026

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

4